561 849

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

W/ Exhib. T
A 41

ENRIQUE FLORES,

     Plaintiff,

Vs.

DAIRYLAND INSURANCE COMPANY,
and SENTRY INSURANCE COMPANY,

    Defendants.

Lower Case No. 07-876-NF

Case: 2:07-cv-13878
Assigned To: Duggan, Patrick J
Referral Judge: Pepe, Steven D
Filed: 09-14-2007 At 02:22 PM
REM FLORES V. DAIRYLAND INS CO (DA)

LEO E. JANUSZEWSKI  (P44631)
Leo E Januszewski PC
121 W Washington St Ste 400
Ann Arbor, MI  48104
Phone: (734) 926-0139
Cell:  (734) 368-7560
Fax: (734) 994-6615
E-mail:  leo@thcljlawfirm.com

MARY CATHERINE RENTZ (P33011)
Plunkett Cooney
Attorney For Defendants
535 Griswold, Ste. 2400
Detroit, MI 48226
Phone: (313) 983-4856
Fax: (313) 983-4350
E-mail:  mrentz@plunkettcooney.com

## NOTICE OF FILING REMOVAL

## NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

## VERIFICATION

## DAIRYLAND INSURANCE COMPANY'S DISCLOSURE STATEMENT

## SENTRY INSURANCE COMPANY'S DISCLOSURE STATEMENT

## PROOF OF SERVICE

PLUNKETT COONEY

MARY CATHERINE RENTZ (P33011)
Attorney for Defendants
535 Griswold St., Suite 2400
Detroit, MI 48226
(313) 965-3900
mrentz@plunkettcooney.com

DATED:     September 14, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENRIQUE FLORES,

     Plaintiff,

Vs.

                             Lower Case No. 07-876-NF

DAIRYLAND INSURANCE COMPANY,
and SENTRY INSURANCE COMPANY,

     Defendants.

Case: 2:07-cv-13878
Assigned To: Duggan, Patrick J
Referral Judge: Pepe, Steven D
Filed: 09-14-2007 At 02:22 PM
REM FLORES V. DAIRYLAND INS CO (DA)

---

LEO E. JANUSZEWSKI (P44631)
Leo E Januszewski PC
121 W Washington St Ste 400
Ann Arbor, MI 48104
Phone: (734) 926-0139
Cell: (734) 368-7560
Fax: (734) 994-6615
E-mail: leo@theljlawfirm.com

MARY CATHERINE RENTZ (P33011)
Plunkett Cooney
Attorney For Defendants
535 Griswold, Ste. 2400
Detroit, MI 48226
Phone: (313) 983-4856
Fax: (313) 983-4350
E-mail: mrentz@plunkettcooney.com

---

## NOTICE OF FILING OF REMOVAL

TO:     Clerk of the Court
          Washtenaw County Circuit Court
          101 E. Huron Street
          Ann Arbor, MI 48107

LEO E. JANUSZEWSKI (P44631)
Leo E Januszewski PC
121 W Washington St Ste 400
Ann Arbor, MI 48104
Phone: (734) 926-0139
Cell: (734) 368-7560
Fax: (734) 994-6615
E-mail: leo@theljlawfirm.com

PLEASE TAKE NOTICE THAT Defendants DAIRYLAND INSURANCE

COMPANY AND SENTRY INSURANCE COMPANY, have, this day, filed their Notice of

Removal, copies of which are attached hereto, in the offices of the Clerk of the United States

District Court, Eastern District of Michigan, Southern Division, at Theodore Levin United States

Courthouse, 231 W. Lafayette Boulevard, Detroit, MI 48226.

PLUNKETT COONEY

MARY CATHERINE RENTZ (P33011)
Attorney for Defendants
535 Griswold, Ste. 2400
Detroit, MI 48226
(313) 983-4856

DATED:  September 14, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENRIQUE FLORES,

      Plaintiff,

Vs.

                                  Lower Case No. 07-876-NF

DAIRYLAND INSURANCE COMPANY,
and SENTRY INSURANCE COMPANY,

       Case: 2:07-cv-13878
       Assigned To: Duggan, Patrick J
       Referral Judge: Pepe, Steven D
      Defendants.       Filed: 09-14-2007 At 02:22 PM
       REM FLORES V. DAIRYLAND INS CO (DA)

LEO E. JANUSZEWSKI (P44631)      MARY CATHERINE RENTZ (P33011)
Leo E Januszewski PC                Plunkett Cooney
121 W Washington St Ste 400       Attorney For Defendants
Ann Arbor, MI 48104             535 Griswold, Ste. 2400
Phone: (734) 926-0139          Detroit, MI 48226
Cell: (734) 368-7560            Phone: (313) 983-4856
Fax: (734) 994-6615            Fax: (313) 983-4350
E-mail: leo@theljlawfirm.com     E-mail: mrentz@plunkettcooney.com

## NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

TO:      The United States District Court
           Judges of the Above Court

      NOW COME Defendants herein, Dairyland Insurance Company and Sentry Insurance Company, by and through their undersigned attorneys, and pursuant to 28 U.S.C.A. §1332, 1441 and 1446, herewith file the within Notice of Removal pursuant to said statutes for the following reasons:

1.     On or about August 15, 2007, there was commenced and is now pending in the Circuit Court for the County of Washtenaw, State of Michigan, a certain civil action bearing Civil Docket No. 07-876-NF in which Enrique Flores is Plaintiff and Dairyland Insurance Company and Sentry Insurance Company are Defendants.

2.     A photocopy of said Summons and Complaint are attached hereto.

3.     The service was effected on Defendants on or about August 20, 2007.  No further proceedings have occurred herein.

4.     The action is a suit at common law of a civil nature, and the amount in controversy claimed by Plaintiff, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), excluding interest, costs and attorney fees.

5.     Defendants show that this action involves a controversy with complete diversity of citizenship between citizens of different states and Defendants aver:

     a.  Plaintiff is now, and at the time of the commencement of this action, a Michigan resident.

     b.  Defendant, Dairyland Insurance Company is a corporation with its State of incorporation in Wisconsin, and its principal place of business in Wisconsin.

     c.  Defendant, Sentry Insurance Company (sic, Sentry Insurance a Mutual Company) is a corporation with its State of incorporation in Wisconsin, and its principal place of business in Wisconsin.

6.     The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and attorney fees, inasmuch as following an alleged motor vehicle accident on or about December 1, 2005, Plaintiff alleges he has incurred Michigan no-fault benefits in the form of:

     a.  Reasonable and necessary expenses for care, recovery or rehabilitation;

     b.  Loss of wages;

c.  Reasonable and necessary replacement services;

d.  Expenses for attendant care, home modification and transportation; and

e.  Other personal protection benefits in accordance with the applicable no-fault provisions (paragraph 8 of Plaintiff's Complaint, **Exhibit A**).

7.    The above-described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1331, and is one which may be removed to this court by Defendants pursuant to the provisions of Title 28, United States Code, Section 1441 and 1446 in that the Plaintiff herein commenced an action against Defendants and an actual controversy exists in which the rights and legal relations of the parties must be resolved.

8.    The time for filing of this Removal under the statutes of the United States has not expired and is herewith made timely.

9.    Written notice of filing of this Removal has been given to all parties as required by law, and is attached hereto.

10.    A true and correct copy of this Removal has been filed with the Clerk of the Court for the Circuit Court for the County of Washtenaw, State of Michigan, as provided for by law.

11.    Filed herewith and reference made hereto and made a part hereof, is a true and correct copy of all process and pleadings served upon Defendants.

WHEREFORE, Defendants pray by their undersigned counsel, that removal of the within action be effected from the Circuit Court for Washtenaw County, State of Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division.

PLUNKETT COONEY

MARY CATHERINE RENTZ (P33011)
Attorney for Defendants
535 Griswold, Ste. 2400
Detroit, MI 48226
(313) 983-4856

DATED:  September 14, 2007

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENRIQUE FLORES,

     Plaintiff,

Vs.

                               Lower Case No. 07-876-NF

DAIRYLAND INSURANCE COMPANY,
and SENTRY INSURANCE COMPANY,

                              Case: 2:07-cv-13878
                              Assigned To: Duggan, Patrick J
                              Referral Judge: Pepe, Steven D
     Defendants.              Filed: 09-14-2007 At 02:22 PM
                              REM FLORES V. DAIRYLAND INS CO (DA)

| | |
|---|---|
| LEO E. JANUSZEWSKI  (P44631)<br>Leo E Januszewski PC<br>121 W Washington St Ste 400<br>Ann Arbor, MI 48104<br>Phone: (734) 926-0139<br>Cell:  (734) 368-7560<br>Fax: (734) 994-6615<br>E-mail:  leo@thcljlawfirm.com | MARY CATHERINE RENTZ (P33011)<br>Plunkett Cooney<br>Attorney For Defendants<br>535 Griswold, Ste. 2400<br>Detroit, MI 48226<br>Phone:  (313) 983-4856<br>Fax:  (313) 983-4350<br>E-mail:  mrentz@plunkettcooney.com |

## **VERIFICATION**

     MARY CATHERINE RENTZ, being first duly sworn, deposes and says that she
is the agent and attorney for Defendants Dairyland Insurance Company and Sentry Insurance
Company, and that the foregoing Notice of Removal is true in substance and in fact to the best of
my knowledge, information and belief.

                                              MARY CATHERINE RENTZ

Subscribed and sworn to before me
this _14th_ day of _September_ 2007.

Laura E. Fisher, Notary Public
Macomb acting in Wayne County, Michigan
My Commission Expires:  _2/28/12_

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENRIQUE FLORES,

      Plaintiff,

Vs.

                                   Lower Case No. 07-876-NF

DAIRYLAND INSURANCE COMPANY,
and SENTRY INSURANCE COMPANY,

      Defendants.

Case: 2:07-cv-13878
Assigned To: Duggan, Patrick J
Referral Judge: Pepe, Steven D
Filed: 09-14-2007 At 02:22 PM
REM FLORES V. DAIRYLAND INS CO (DA)

---

LEO E. JANUSZEWSKI (P44631)
Leo E Januszewski PC
121 W Washington St Ste 400
Ann Arbor, MI 48104
Phone: (734) 926-0139
Cell: (734) 368-7560
Fax: (734) 994-6615
E-mail: leo@theljlawfirm.com

MARY CATHERINE RENTZ (P33011)
Plunkett Cooney
Attorney For Defendants
535 Griswold, Ste. 2400
Detroit, MI 48226
Phone: (313) 983-4856
Fax: (313) 983-4350
E-mail: mrentz@plunkettcooney.com

---

## DEFENDANT DAIRYLAND INSURANCE COMPANY'S DISCLOSURE STATEMENT

Defendant Dairyland Insurance Company, pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, makes the following corporate statements:

1. Dairyland Insurance Company is wholly-owned by Sentry Insurance a Mutual Company and is a subsidiary of Sentry Insurance a Mutual Company. Sentry Insurance a Mutual Company is not a division or subsidiary of any other corporation.

2. No public corporation owns more than 10% of Sentry Insurance a Mutual Company's stock.

PLUNKETT COONEY

MARY CATHERINE RENTZ (P33011)
Attorney for Defendants
535 Griswold, Ste. 2400
Detroit, MI 48226
(313) 983-4856

DATED:  September 14, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENRIQUE FLORES,

     Plaintiff,

Vs.

                              Lower Case No. 07-876-NF

DAIRYLAND INSURANCE COMPANY,
and SENTRY INSURANCE COMPANY,

     Defendants.

Case: 2:07-cv-13878
Assigned To: Duggan, Patrick J
Referral Judge: Pepe, Steven D
Filed: 09-14-2007 At 02:22 PM
REM FLORES V. DAIRYLAND INS CO (DA)

---

| LEO E. JANUSZEWSKI (P44631) | MARY CATHERINE RENTZ (P33011) |
|---|---|
| Leo E Januszewski PC | Plunkett Cooney |
| 121 W Washington St Ste 400 | Attorney For Defendants |
| Ann Arbor, MI 48104 | 535 Griswold, Ste. 2400 |
| Phone: (734) 926-0139 | Detroit, MI 48226 |
| Cell: (734) 368-7560 | Phone: (313) 983-4856 |
| Fax: (734) 994-6615 | Fax: (313) 983-4350 |
| E-mail: leo@theljlawfirm.com | E-mail: mrentz@plunkettcooney.com |

---

## DEFENDANT SENTRY INSURANCE COMPANY'S DISCLOSURE STATEMENT

    Defendant Sentry Insurance Company, pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, makes the following corporate statements:

    1.  Sentry Insurance Company (sic, Sentry Insurance a Mutual Company) is wholly-owned by its policyholders.

    2.  No public corporation owns more than 10% of Sentry Insurance a Mutual Company's stock.

PLUNKETT COONEY

MARY CATHERINE RENTZ (P33011)
Attorney for Defendants
535 Griswold, Ste. 2400
Detroit, MI 48226
(313) 983-4856

DATED:  September 14, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENRIQUE FLORES,

      Plaintiff,

Vs.

                      Lower Case No. 07-876-NF

DAIRYLAND INSURANCE COMPANY,
and SENTRY INSURANCE COMPANY,

      Defendants.

Case: 2:07-cv-13878
Assigned To: Duggan, Patrick J
Referral Judge: Pepe, Steven D
Filed: 09-14-2007 At 02:22 PM
REM FLORES V. DAIRYLAND INS CO (DA)

| LEO E. JANUSZEWSKI (P44631) | MARY CATHERINE RENTZ (P33011) |
|---|---|
| Leo E Januszewski PC | Plunkett Cooney |
| 121 W Washington St Ste 400 | Attorney For Defendants |
| Ann Arbor, MI 48104 | 535 Griswold, Ste. 2400 |
| Phone: (734) 926-0139 | Detroit, MI 48226 |
| Cell: (734) 368-7560 | Phone: (313) 983-4856 |
| Fax: (734) 994-6615 | Fax: (313) 983-4350 |
| E-mail: lco@theljlawfirm.com | E-mail: mrentz@plunkettcooney.com |

## PROOF OF SERVICE

      Mary Catherine Rentz states that she is employed by PLUNKETT COONEY, and that on September 14, 2007, she served a copy of Notice of Filing Removal, Notice of Removal, Verification, Defendant Dairyland Insurance Company's Disclosure Statement, Defendant Sentry Insurance Company's Disclosure Statement and Proof of Service upon the following:

TO:     Clerk of the Court
           Washtenaw County Circuit Court
           101 E. Huron Street
           Ann Arbor, MI 48107

                                 LEO E. JANUSZEWSKI (P44631)
                                 Leo E Januszewski PC
                                 121 W Washington St Ste 400
                                 Ann Arbor, MI 48104
                                 Phone: (734) 926-0139
                                 Cell: (734) 368-7560
                                 Fax: (734) 994-6615
                                 E-mail: leo@theljlawfirm.com

by enclosing same in a pre-addressed, pre-stamped envelope and depositing same in the United States Mail.

Further, I declare that the above statements are true to the best of my knowledge, information and belief.

_Mary Catherine Rentz_

Detroit.02228.54786.1259617-1

2



STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

ENRIQUE FLORES

        Plaintiff,

v

        Case No: 07-*876*-NF
        Hon. Donald Shelton

DAIRYLAND INSURANCE COMPANY,
and SENTRY INSURANCE COMPANY,

        Defendants.

_____/

LEO E. JANUSZEWSKI, P.C.
BY:  LEO E. JANUSZEWSKI (P44631)
Attorney for Plaintiff
The Earle Building – Suite 400
121 West Washington Street
Ann Arbor, Michigan  48104
(734) 926-0139
Fax:  (734) 994-6615

_____/

RECEIVED

AUG 1 5 2007

Washtenaw County
Clerk/Register

## COMPLAINT AND DEMAND FOR JURY TRIAL

A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in Washtenaw County Circuit court, where it was given docket number 06-154-NF and was assigned to Judge Donald E. Shelton.  The action is no longer pending.

### COMPLAINT

Plaintiff states:

#### Common Allegations

1. Plaintiff is a resident of Van Buren County, Michigan.

2. Defendants conduct a regular and systematic part of their business in Washtenaw County, Michigan.

3. The amount in controversy exceeds $25,000.

Count I
Breach of Contract Claim

4.   Plaintiff incorporates by reference paragraphs 1 through 3.

5.   On or about December 1, 2005, Plaintiff was insured with Defendant under the provisions of an automobile insurance policy, issued by Defendant, that was then in effect in accordance with the provisions of the No-Fault Insurance Act (No-Fault Act), MCL 500.3101 et seq., and for which applicable premiums were paid.

6.   Under the terms and conditions of the automobile insurance policy, Defendant became obligated to pay to or on behalf of Plaintiff certain expenses or losses if Plaintiff sustained bodily injury or death in an accident arising out of the ownership, operation, maintenance, or use of a motor vehicle.

7.   On said date, Plaintiff was an occupant of a motor vehicle that was involved in a collision in which Plaintiff sustained accidental bodily injuries within the meaning of Defendant's policy and the statutory provision MCL 500.3105.

8.   As a result of the collision, Plaintiff has incurred

   a.   reasonable and necessary expenses for care, recovery, or rehabilitation;

   b.   loss of wages as provided by MCL 500.3107(1)(b);

   c.   reasonable and necessary replacement services;

   d.   expenses for attendant care, home modification, and transportation; and

   e.   other personal protection benefits in accordance with the applicable no-fault provisions.

9.   Defendant has refused or is expected to refuse to pay Plaintiff all personal protection insurance benefits in accordance with the applicable no-fault and contract provisions.

10.  Reasonable proof for full payment of all personal protection insurance benefits has been or will be supplied, but Defendant has refused to pay or is expected to refuse to pay in the future.

2

Leo E. Januszewski, P.C., The Earle Building, Suite 400, 121 West Washington Street, Ann Arbor, Michigan 48104 — Telephone: (734) 926-9139, Facsimile: (734) 994-6615

11. Defendant has unreasonably refused to pay or has unreasonably delayed making proper payments to Plaintiff contrary to MCL 500.3142 and .3148 and continues to do so.

### Count II

### Declaratory Relief

12. Plaintiff incorporates by reference paragraphs 1 through 11.

13. An actual controversy exists between Plaintiff and Defendant.

14. The court must determine the following:

   a. the applicability of the No-Fault Act to Plaintiff's claims;

   b. the amount of wage loss benefits, replacement service benefits, medical expenses, attendant care, transportation expenses, home modification expenses, no-fault interest, pre/post-judgment interest, actual attorney fees, or other benefits owed to Plaintiff;

   c. whether and in what amount any reduction, setoffs, or reimbursements may be claimed by Defendant;

   d. other determinations, orders, and judgments necessary to fully adjudicate the rights of the parties.

PLAINTIFF REQUESTS a declaration of rights and an award of damages in whatever amount he is found to be entitled in excess of $25,000, plus interest, costs, and no-fault attorney fees.

Dated: August 15, 2007

Respectfully Submitted,

By: _____

Leo E. Januszewski (P44631)
Law Office of Leo E. Januszewski, P.C.
Attorney for Plaintiff
121 W. Washington Street, Suite 400
Ann Arbor, MI 48104
(734) 926-0139/Fax:  (734) 994-6615

*Leo E. Januszewski, P.C., The Earle Building, Suite 400, 121 West Washington Street, Ann Arbor, Michigan 48104 --Telephone: (734) 926-0139, Facsimile: (734) 994-6615*

3

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully Submitted,

Dated: August __15__, 2007

By: _____

Leo E. Januszewski (P44631)
Law Office of Leo E. Januszewski, P.C.
Attorney for Plaintiff
121 W. Washington Street, Suite 400
Ann Arbor, MI 48104
(734) 926-0139/Fax: (734) 994-6615

Leo E. Januszewski, P.C., The Earle Building, Suite 400, 121 West Washington Street, Ann Arbor, Michigan 48104 —Telephone: (734) 926-0139, Facsimile: (734) 994-6615

4

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

ENRIQUE FLORES

      Plaintiff,

v.

                                Case No: 07-876-NF
                                Hon. Donald Shelton

DAIRYLAND INSURANCE COMPANY,
and SENTRY INSURANCE COMPANY,

      Defendants.

_____/

LEO E. JANUSZEWSKI, P.C.
BY: LEO E. JANUSZEWSKI (P44631)
Attorney for Plaintiff
The Earle Building – Suite 400
121 West Washington Street
Ann Arbor, Michigan  48104
(734) 926-0139
Fax: (734) 994-6615
_____/

## PLAINTIFF'S REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS

     Plaintiff, ENRIQUE FLORES, by his attorney, Law Office of Leo E. Januszewski, P.C.,

pursuant to MCR 2.310, requests that Defendants produce the following documents:

1.     Any and all documents referencing, relating to, or pertaining in any manner to Plaintiff.

2.     Any and all documents referencing, relating to, or pertaining in any manner to the automobile accident at issue.

3.     Any and all documents referencing, relating to, or pertaining in any manner to any of Plaintiff's claims arising out of the accident at issue.

4.     A complete copy of the no-fault insurance PIP claims file.

5.  A complete copy of the no-fault insurance policy(ies) under which Plaintiff could potentially claim PIP benefits as a result of the accident at issue including any endorsements, riders, declaration sheets, and any other documents setting forth any terms of coverage of Plaintiff.

6.  Any and all documents constituting, memorializing, referencing, or pertaining in any fashion to Plaintiff's medical condition at any point in time.

7.  Any and all documents constituting, memorializing, referencing, or pertaining in any fashion to any surveillance of Plaintiff.

8.  Any and all documents constituting, memorializing, referencing, or pertaining in any fashion to any private investigation of the Plaintiff.

9.  Any and all documents constituting, memorializing, referencing, or pertaining in any fashion to any investigation into Plaintiff, the accident at issue, and/or any of Plaintiff's claims arising therefrom, performed by Defendant's SIU (including any summaries drafted by SIU personnel).

10.  Claim submission itemization, log, or summary.

11.  Claim payment itemization, log, or summary.

12.  Any and all documents constituting, memorializing, referencing, or pertaining in any fashion to any physician's prescription and/or recommendation.

13.  Any and all documents drafted by any claims personnel of Defendant regarding Plaintiff, the accident at issue, and/or any of Plaintiff's claims arising therefrom including, but not limited to, any claim activity logs, computerized notes, etc. (anything having to do with Defendant's information-gathering, thought process, and/or processing of Plaintiff's claims).

14.  Any and all documents constituting, memorializing, referencing, or pertaining in any fashion to any communications between any "handling" claims adjuster and his/her supervisor(s) having anything to do with Plaintiff, the accident at issue, and/or any of Plaintiff's claims arising therefrom (including any notes from any "roundtable" discussions).

15.  Any and all photographs and/or images of any of the vehicles involved in the accident at issue whether digital, on film, laser-copied, photocopied, or in any other format.

Leo E. Januzzewski, P.C., The Earle Building, Suite 400, 121 West Washington Street, Ann Arbor, Michigan 48104 —Telephone: (734) 926-0139, Facsimile: (734) 994-6615

2

16.   Any and all photographs and/or images of any persons involved in the accident at issue whether digital, on film, laser-copied, photocopied, or in any other format.

17.   Any documents generated by any "independent" medical examiner hired or paid by Defendant.

18.   Any correspondence sent to any "independent" medical examiner by Defendant and/or Defendant's representatives (including attorneys).

19.   Any and all documents constituting, memorializing, referencing, or pertaining in any fashion to any of Plaintiff's medical expenses submitted to Defendant.

20.   Any and all documents constituting, memorializing, referencing, or pertaining in any fashion to Plaintiff's claim for wage loss benefits (including any wage and salary verification forms).

21.   Any and all documents constituting, memorializing, referencing, or pertaining in any fashion to Plaintiff's claim for attendant care benefits (including any attendant care calendars and/or logs).

22.   Any and all documents constituting, memorializing, referencing, or pertaining in any fashion to Plaintiff's claim for replacement service benefits (including any replacement service calendars and/or logs).

23.   Any and all documents constituting, memorializing, referencing, or pertaining in any fashion to any statements from any eyewitnesses to the accident at issue.

24.   Any and all documents constituting, memorializing, referencing, or pertaining in any fashion to any statements having anything at all to do with Plaintiff and/or his/her claims arising from the accident at issue.

25.   Any and all documents that Defendant contemplates attempting to introduce as evidence at trial.

26.   Any and all documents that played any role whatsoever in any of Defendant's processing any of Plaintiff's claims arising from the accident at issue.

Lee E. Januszewski, P.C., The Earle Building, Suite 400, 121 West Washington Street, Ann Arbor, Michigan 48104···Telephone: (734) 926-0139, Facsimile: (734) 994-6615

3

27.  Any and all documents constituting, memorializing, referencing, or pertaining in any fashion to any involvement of any person that Defendant anticipates calling as an "expert witness" at trial.

28.  Any and all documents referenced in any of your answers to interrogatories and/or relied upon or forming any sort of basis for said answers.

As used in this document, the term documents includes all original written, typewritten handwritten, printed, or recorded material as well as all tapes, disks, nonduplicative copies, and transcripts of this material that are now or have been at any time in your possession, custody, or control. Without limiting the generality of this definition, but only to illustrate, documents includes files and the materials in the files, folders and the materials in the folders, contracts, agreements, papers, notes, correspondence, memoranda, business records, diaries, calendars, address and telephone records, information stored in computers, photographs, audiotape recordings, videotape recordings, checks, bank statements, and financial statements and records.

These requests are continuing in nature, and Defendant's responses to them should be supplemented with additional documents as they become available.

Production is to be made at The Law Office of Leo E. Januszewski on the 28th day (42nd day if served with a complaint) following service of this request on you.

Dated: August 10, 2007

Respectfully Submitted,

By: _____
LEO E. JANUSZEWSKI (P44631)
Law Office of Leo E. Januszewski, .C.
Attorney for Plaintiff
121 West Washington Street, Ste. 400
Ann Arbor, MI 48104
(734) 926-0139

Leo E. Januszewski, P.C., The Earle Building, Suite 400, 121 West Washington Street, Ann Arbor, Michigan 48104 —Telephone: (734) 926-0139, Facsimile: (734) 994-6615

4

Leo E. Januszewski, P.C., The Earle Building, Suite 400, 121 West Washington Street, Ann Arbor, Michigan 48104 — Telephone: (734) 926-0139, Facsimile: (734) 994-6615

## PROOF OF SERVICE

The undersigned, being first duly sworn, says that on this date she served a copy of **PLAINTIFF'S REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS** upon the following:

Dairyland Insurance Company
c/o The Corporation Company
30600 Telegraph Road
Bingham Farms, MI 48025

Sentry Insurance Company
c/o The Corporation Company
30600 Telegraph Road
Bingham Farms, MI 48025

Bridget Chlorie
Sentry Insurance
1025 Boulders Parkway
P.O. Box 26363
Richmond, VA 23260-6363

Sentry Claims Center (Dairyland Insurance Company)
**Attn: Marlene Baldwin**
1025 Boulders Parkway
P.O. Box 26363
Richmond, VA 23260-6363

Sentry Insurance Company/Dairyland Insurance Company
Mary Brod – Director of Claims
1025 Boulders Parkway
P.O. Box 26363
Richmond, VA 23260-6363

by enclosing said documents in an envelope to the above said address(es) and depositing same in the United States mail, postage duly prepaid via CERTIFIED MAIL at the same time as serving Summons and Complaint.

Dated: August 16 2007

Patrisha D. Nolan

5

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

ENRIQUE FLORES

        Plaintiff,

v                                     Case No: 07-876-NF
                                     Hon. Donald Shelton

DAIRYLAND INSURANCE COMPANY,
and SENTRY INSURANCE COMPANY,

        Defendants.
_____/

LEO E. JANUSZEWSKI, P.C.
BY: LEO E. JANUSZEWSKI (P44631)
Attorney for Plaintiff
The Earle Building – Suite 400
121 West Washington Street
Ann Arbor, Michigan  48104
(734) 926-0139
Fax: (734) 994-6615
_____/

## PLAINTIFF'S INSURANCE INTERROGATORIES AND REQUESTS TO PRODUCE TO DEFENDANTS

Plaintiff, ENRIQUE FLORES, by his attorney, Law Office of Leo E. Januszewski, P.C., submits the following interrogatories and requests to produce to Defendants pursuant to MCR 2.309 and .310.  Answers must be made in writing, under oath, within 28 days (42 days if served with a complaint) from the date of service on you.

### Introduction and Definitions

1.    Each interrogatory seeks information available to Defendant; its attorneys, employees, or agents; or all persons acting on its behalf. Accordingly, as used in this document, the terms *Defendant, YOU,* and *your* refer, without limitation, to Defendant; its attorneys, employees, and agents; and all persons acting on its behalf. Each of the interrogatories is deemed continuing in the manner provided by law.

2.    As used in this document, person means an individual, firm, partnership, corporation, proprietorships association, governmental body, or any other organization or entity. When the term identify or identifications is used in conjunction with the term person or if the answer to any

interrogatory in this document refers to a person (as defined in this document), you must state each person's (a) full legal name; (b) present or last known address and telephone number (business and residential); and (c) occupation, job title, business affiliation, and nature of business.

3. As used in this document, *document* means any original written, typewritten, handwritten, printed, or recorded material as well as any tape, disk, nonduplicate copy, or transcript of this material that is now or has been at any time in your possession, custody, or control. Without limiting the generality of this definition but only to illustrate, *documents* include files and the materials in the files; folders and the materials in the folders; contracts; agreements; papers; notes; correspondence; memoranda; business records; diaries; calendars; address and telephone records; photographs; information stored on computers, computer disks, or hard drives or otherwise electronically stored; audiotape recordings; checks; bank statements; and financial statements and records. When either the term *identify* or the term *describe* is used in this document in conjunction with the term *document* or if the answer to any interrogatory in this document refers to a document (as defined in this document), you must state, with respect to each document, (a) the date of the document; (b) the identity of the person who has custody or control over the document; and (c) the nature and substance of the document, describing it specifically so that it can be identified in a request to produce. In lieu of such a statement, you may produce the document, provided that it is appropriately marked to identify the interrogatory to which it is responsive.

4. If any document or identification or description of any document or oral communication is withheld under a claim of privilege, provide sufficient information to determine the identity of the document or oral communication and state the basis for any asserted claim of privilege so that the court and the parties may determine the validity of the claim of privilege.

5. As used in this document, *date* means the exact day, month, and year, if ascertainable or, if not ascertainable, the best approximation (including relationship to other events).

6. If you object to part of an interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that interrogatory. If you object to the scope or time period, state your objection and answer the interrogatory for the scope or time period you believe is appropriate.

7. If any of the following interrogatories cannot be answered in full after exercising due diligence to secure the information, please state this and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular, set forth the details of the qualifications.

8. These interrogatories are continuing in nature, and Defendant is obligated to supplement answers to them as additional information becomes available. This document serves in advance as a new request for supplementation after the end of the discovery period set by the court pursuant to MCR 2.302(E)(1)(c).

Lee E. Januszewski, P.C., The Earle Building, Suite 402, 121 West Washington Street, Ann Arbor, Michigan 48104 — Telephone: (734) 926-0139, Facsimile: (734) 994-6615

2

## Interrogatories-Past Claims

1.    Set forth the following for all claims for no-fault insurance benefits that Plaintiff has presented since the accident until the present:

      a.    an itemized description of what benefits were claimed and the date of the claim;

      b.    the manner in which Plaintiff presented each claim for benefits, including whether the claim was presented in writing or orally;

      c.    a description and the monetary value of all past claims for which Defendant tendered benefits;

      d.    a description of all past claims for which Defendant denied benefits, the reason for the denial, and the manner in which the denial was communicated to Plaintiff.

**ANSWER:**

## Current Claims and Benefits

2.    Set forth the following for all claims for insurance benefits that Plaintiff has presented since the accident for which Defendant has neither tendered nor formally denied benefits:

      a.    an itemized description of what benefits were claimed and the date of the claim;

      b.    the manner in which Plaintiff presented each claim, including whether the claim was presented in writing or orally;

      c.    the reason no decision was made about the claim, including a specific description of any additional information Defendant deems necessary to make a decision;

      d.    a description of all information that Defendant has considered in evaluating the claims.

**ANSWER:**

Leo E. Januszewski, P.C., The Earle Building, Suite 400, 121 West Washington Street, Ann Arbor, Michigan 48104 —Telephone: (734) 926-0139, Facsimile: (734) 994-6615

3

3.     Set forth the following for all insurance benefits that Defendant is currently providing:

   a.     an itemized description of the nature and amount of the benefits, including the identification of any medical care providers being paid, replacement service or attendant care providers for which reimbursement is being provided, or both;

   b.     an identification of any benefits that Defendant anticipates terminating, the date of anticipated termination, and the reasons for the anticipated termination.

**ANSWER:**

4.     Set forth the following for all medical care providers and evaluators for whom Defendant has been asked to preauthorize payment:

   a.     an identification of all providers and evaluators and the services that they have been or will be providing;

   b.     an identification of all providers and evaluators that Defendant anticipates paying;

   c.     an identification of all providers and evaluators to whom Defendant anticipates denying payment and the reason for the denial.

**ANSWER:**

5.     Regardless of whether Plaintiff has presented a claim for the payment of any expenses related to medical treatment, has Defendant considered whether Plaintiff may need any benefits as a result of the accident? If so, give a detailed explanation of Defendant's analysis and Defendant's determination of whether Plaintiff may need any benefits as a result of the accident.

**ANSWER:**

Leo E. Januszewski, P.C., The Earle Building, Suite 400, 121 West Washington Street, Ann Arbor, Michigan 48104 — Telephone: (734) 926-9139, Facsimile (734) 994-6615

4

6.     Regardless of whether Plaintiff has presented a claim for the payment of expenses related to medical treatment, does Defendant currently have information sufficient to consider whether Plaintiff may need any benefits as a result of the accident? If so, indicate Defendant's analysis. If not, itemize the specific additional information Defendant deems necessary to tender benefits.

**ANSWER:**

7.     Regardless of whether Plaintiff has presented a claim for wage loss benefits, has Defendant considered whether Plaintiff needs benefits as a result of the accident? If so, give a detailed explanation of Defendant's analysis and Defendant's determination of whether Plaintiff needs wage loss benefits as a result of the accident.

**ANSWER:**

8.     Regardless of whether Plaintiff has presented a claim for wage loss benefits, does Defendant currently have information sufficient to consider whether Plaintiff needs wage loss benefits as a result of the accident? If so, indicate Defendant's analysis. If not, please itemize the specific additional information Defendant deems necessary to make a determination.

**ANSWER:**

Leo E. Januszewski, P.C., The Earle Building, Suite 400, 121 West Washington Street, Ann Arbor, Michigan 48104 —Telephone: (734) 996-0139, Facsimile: (734) 994-6615

5

Leo E. Januszewski, P.C., The Earle Building, Suite 400, 121 West Washington Street, Ann Arbor, Michigan 48104 —Telephone: (734) 926-8139, Facsimile: (734) 994-6615

9.    Regardless of whether Plaintiff has presented any claims for replacement services or attendant care reimbursement, has Defendant considered whether Plaintiff needs those benefits as a result of the accident? If so, give a detailed explanation of Defendant's analysis and Defendant's determination of whether Plaintiff needs replacement service or attendant care benefits as a result of the accident.

**ANSWER:**

10.    Regardless of whether Plaintiff has presented any claims for replacement services or attendant care reimbursement, does Defendant currently have information sufficient to consider whether Plaintiff may need those benefits as a result of the accident? If so, indicate Defendant's analysis. It not, itemize the specific additional information Defendant deems necessary to consider whether Plaintiff may need benefits as a result of the accident.

**ANSWER:**

**Defendant's Claim Representatives**

11.    Set forth the following with regard to any and all agents, claim representatives, claim analysts, or other employees or representatives of Defendant who have played any role in processing any of Plaintiff's claims:

    a.    the complete name;

    b.    the last known business address and telephone number;

    c.    an identification of which insurance benefits each person decided to provide or deny;

AUG 22 2007 15:45

PAGE.19

d.   the time period that each person was charged with the responsibility of processing Plaintiff's claims;

e.   the date that each person will be available for deposition (Notice of Plaintiff's intent to depose each person is provided by this interrogatory.)

**ANSWER:**

12.   Since the accident occurred, have any of Defendant's representatives undertaken any efforts to advise Plaintiff about the specific benefits referenced in the applicable contract of insurance, the Michigan No-Fault Insurance Act, or both? If so, give a detailed description of all efforts, including a specific identification of which benefits were brought to Plaintiff's attention and the manner in which they were communicated to Plaintiff.

**ANSWER:**

13.   Will Defendant produce, without a motion to compel, a copy of any advice referenced in interrogatory 12 that was proposed to Plaintiff in written form? If so, attach a copy of the document to the answers to this set of interrogatories. (Refer to the definition of *document* that appears in the Introduction and Definitions section of this set of interrogatories.)

**ANSWER-Documents Attached:**

7

14.     Identify by date and author each document that Defendant has relied on or will rely on in denying any insurance benefits claim of Plaintiff.

**ANSWER:**

15.     Have Defendant's representatives compiled a claim activity log; anything analogous to a log; or any other notes, drafts, or memoranda that record their thought processes or positions about Plaintiff, Plaintiff's claims, or Plaintiff's entitlement (or alleged lack of entitlement) to insurance benefits?

**ANSWER:**

16.     Identify by date and author any documents that have been removed from Plaintiff's no-fault claims file and a description of any reasons or privileges provoking the removal.

**ANSWER:**

17.     Describe by date, author, and content any documents that Defendant possesses that are not otherwise described in preceding answers pertaining to Plaintiff, Plaintiff's claims, or Plaintiff's entitlement (or alleged lack of entitlement) to insurance benefits.

8

Leo E. Januszewski, P.C., The Earle Building, Suite 400, 124 West Washington Street, Ann Arbor, Michigan 48104 —Telephone: (734) 926-9139, Facsimile: (734) 994-6615

**ANSWER:**

Leo E. Januszewski, P.C., The Earle Building, Suite 400, 121 West Washington Street, Ann Arbor, Michigan 48104 —Telephone: (734) 926-0139, Facsimile: (734) 994-6615

18.    Will Defendant produce, without a motion to compel, all documents referenced in the answers to interrogatories 14 through 17? If so, attach a copy of all the documents to the answers to this set of interrogatories. If not, consider this document a formal request to produce under MCR 2.310 and set forth the following:

   a.     an explanation for the nonproduction;

   b.     an index describing the documents by date, author, and general description of content.

**ANSWER:**

**Witnesses**

19.    Set forth the following regarding all eyewitnesses to the accident:

   a.     names and addresses;

   b.     whether Defendant or any of Defendant's representatives, including attorneys, have had any oral or written contact with any eyewitnesses and, if so, what was communicated to or by the eyewitnesses;

   c.     a specific description of all documents provided to or received from all eyewitnesses concerning Plaintiff, the accident, or any of Plaintiff's claims arising from the accident.

**ANSWER:**

9

20.    Is Defendant aware of any lay witnesses who claim to have knowledge about Plaintiff's physical abilities, mental abilities, psychiatric or psychological condition, ability to perform employment duties, ability to conduct household services, or ability to care for himself? If so, set forth the following for these persons:

    a.    names and addresses;

    b.    the abilities or conditions of Plaintiff that each witness claims to have knowledge about;

    c.    whether Defendant or any of Defendant's representatives, including attorneys, have had any oral or written contact with any of these persons and, if so, what was communicated to or by these persons;

    d.    a specific description of all documents provided to or received from all these lay persons.

**ANSWER:**


21.    Has Defendant retained the services of any persons or entities for private investigation or surveillance in connection with this litigation? If so, set forth the following for each person or entity:

    a.    name and address;

    b.    whether Defendant or any of Defendant's representatives, including attorneys, have had any oral or written contact with any such person or entity and, if so, what was communicated to or by all such persons or entities;

    c.    a specific description of all documents provided to or received from all such persons or entities;

    d.    the date of availability for deposition (Notice is provided by this interrogatory of Plaintiff's intent to depose.).

**ANSWER:**

Leo K. Januszewski, P.C., The Earle Building, Suite 400, 121 West Washington Street, Ann Arbor, Michigan 48104 — Telephone: (734) 926-0139, Facsimile: (734) 994-6615

22.   Does Defendant believe there are any expert witnesses who know about Plaintiff's physical condition, mental condition, psychiatric or psychological condition, need for medical treatment, ability to conduct employment duties, ability to conduct household activities, or ability to care for himself? If so, set forth the following for each witness:

   a.   name and address;

   b.   the conditions, needs, and abilities each witness is believed to know about;

   c.   whether Defendant or any of Defendant's representatives including attorneys, have had any oral or written contact with any experts and, if so, what was communicated to or by the experts;

   d.   a specific description of all documents provided to or received from all experts.

**ANSWER:**


23.   Set forth the following for all experts identified in the answer to interrogatory 22 whom Defendant contacted in anticipation of litigation or whom Defendant anticipates calling to testify at trial:

   a.   name and address;

   b.   the subject matter about which each expert was contacted or is expected to testify;

   c.   the substance of the facts and opinions that each expert has expressed or is expected to testify to;

   d.   a summary of the grounds for each opinion;

   e.   a specific description of all documents provided to or received from all experts;

   f.   the date of availability for deposition (Notice is provided by this interrogatory of Plaintiff's intent to depose.).

**ANSWER:**

Leo E. Januszewski, P.C., The Earle Building, Suite 400, 121 West Washington Street, Ann Arbor, Michigan 48104 —Telephone: (734) 926-0139, Facsimile: (734) 994-6615

11

24.    Will Defendant produce, without a motion to compel, all documents, as that term is defined in the Introduction and Definitions section of these interrogatories, that are referenced in the answers to interrogatories 19 through 23? If so, attach a copy of all documents to the answers. If not, consider this document to be a formal request to produce the documents pursuant to MCR 2.310 and set forth the following:

    a.    an explanation for the nonproduction;

    b.    an index describing the documents by date, author, and content.

**ANSWER:**

**Insurance Policy Terms**

25.    Does the insurance policy provide for medical expense—related benefits that are coordinated with any other policy of insurance? If so, set forth the following:

    a.    the specific provision of the insurance contract that Defendant relied on to support its assertion that the policy provides for the coordination of medical benefits;

    b.    whether Defendant ever offered Plaintiff, the named insured on the policy, or both the option of electing a policy of insurance that provided for uncoordinated medical benefits and, if so, the manner in which the offer was tendered to Plaintiff;

    c.    whether the contract of insurance provides for the provision of any personal protection insurance (PIP) benefits on an uncoordinated basis and, if so, which PIP benefits are provided for and the contract of insurance provision;

    c.    whether Defendant will produce, without a motion to compel, all documents, as that term is defined in the Introduction and Definitions section of these interrogatories, that are referenced in the answers to interrogatories 25a—c. If so, attach a copy of the documents to your answers. If not, consider this document to be a formal request to produce pursuant to MCR 2.310 and advise about the grounds for the withholding.

**ANSWER:**

12

26.     Set forth the following for each policy of insurance that any persons in Plaintiff's household had with Defendant that was in effect as of the date of the accident:

a.      the policy number and term;

b.      whether any policy provided for any PIP benefits on an uncoordinated basis and, if so, which PIP benefits are provided for and the contract of insurance provision;

c.      whether any of the policies in Plaintiff's household included a provision that allows any person the option of electing which policy of insurance he or she would prefer to garner PIP benefits from;

d.      whether Defendant will, without a motion to compel, produce all contracts, declaration sheets, endorsements, riders, and any other documents, as that term is defined in the Introduction and Definitions section of these interrogatories, that are referenced in interrogatories 26a—c. If so, attach copies of the documents to your answers to these interrogatories. If not, consider this document to be a formal request to produce pursuant to MCR 2.310 and advise about the grounds for the withholding.

**ANSWER:**

Dated: August 16, 2007

Respectfully Submitted,

By: _____
LEO E. JANUSZEWSKI (P44631)
Law Office of Leo E. Januszewski, .C.
Attorney for Plaintiff
121 West Washington Street, Ste. 400
Ann Arbor, MI  48104
(734) 926-0139

Leo E. Januszewski, P.C., The Earle Building, Suite 400, 121 West Washington Street, Ann Arbor, Michigan 48104 — Telephone: (734) 926-0139, Facsimile: (734) 994-6615

13

## PROOF OF SERVICE

The undersigned, being first duly sworn, says that on this date she served a copy of **PLAINTIFF'S INSURANCE INTERROGATORIES AND REQUESTS TO PRODUCE TO DEFENDANTS** upon the following:

Dairyland Insurance Company
c/o The Corporation Company
30600 Telegraph Road
Bingham Farms, MI 48025

Sentry Insurance Company
c/o The Corporation Company
30600 Telegraph Road
Bingham Farms, MI 48025

Bridget Chlorie
Sentry Insurance
1025 Boulders Parkway
P.O. Box 26363
Richmond, VA 23260-6363

Sentry Claims Center (Dairyland Insurance Company)
**Attn:  Marlene Baldwin**
1025 Boulders Parkway
P.O. Box 26363
Richmond, VA 23260-6363

Sentry Insurance Company/Dairyland Insurance Company
Mary Brod – Director of Claims
1025 Boulders Parkway
P.O. Box 26363
Richmond, VA 23260-6363

by enclosing said documents in an envelope to the above said address(es) and depositing same in the United States mail, postage duly prepaid via CERTIFIED MAIL at the same time as serving Summons and Complaint.

Dated:  August 16, 2007

Patrisha D. Nolan

Leo E. Januszewski, P.C., The Earle Building, Suite 400, 121 West Washington Street, Ann Arbor, Michigan 48104 — Telephone: (734) 926-0133, Facsimile: (734) 994-6615

14

Case 2:07-cv-13878-PJD-SDP   ECF No. 1,  PageID.39   Filed 09/14/07   Page 39 of 41

Leo E. Januszewski
Law Office of Leo E. Januszewski, P.C.
Attorney at Law
121 West Washington Street, Ste. 400
Ann Arbor, MI 48104

7007 0220 0003 9969 4037

Sentry Insurance Company/Dairyland
Insurance Company
Mary Brod – Director of Claims
1025 Boulders Parkway
P.O. Box 26363
Richmond, VA 23260-6363

# FIRST CLASS MAIL

02 1P
00028016553  AUG 16  2007
MAILED FROM ZIP CODE 48104
$ 006.260

AUG 22 2007  15:46






# CIVIL COVER SHEET

COUNTY IN WHICH THIS ACTION AROSE: *Van Buren, MI*

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

## I. (a) PLAINTIFFS

Enrique Flores,

(b) County of Residence of First Listed: Van Buren, MI

## DEFENDANTS

Dairyland Insurance Company,
and Sentry Insurance Company,

County of Residence of First Listed **Wisconsin**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE LAND INVOLVED.

### (C) Attorneys (Name, Address and Telephone Number)

Leo E. Januszewski P44631
Leo E. Januszewski P.C.
121 W. Washington St. Ste 400
Ann Arbor, MI 48104
(734) 926-0139
leo@thejjlawfirm.com

### Attorneys (If Known)

Mary Catherine Rentz (P33011)
Plunkett Cooney
535 Griswold, Ste. 2400
Detroit, MI 48226
(313) 983-4856
mrentz@plunkettcooney.com

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (place an "X" in One Box for Plaintiff

(For Diversity Cases Only) and One Box for Defendant

|  | PLA | DEF |  | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment and Enforcement Of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment Of Veteran's Benefits
- ☐ 160 Stockholder's Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel And Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rental Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prisoner Condition

Case: 2:07-cv-13878
Assigned To: Duggan, Patrick J
Referral Judge: Pepe, Steven D
Filed: 09-14-2007 At 02:22 PM
REM FLORES V. DAIRYLAND INS CO (DA)

- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety / Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act.
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 810 Selective Services
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another District (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (cite the U.S. Civil Statue under which you are filing and write brief statement of cause. Do not cite jurisdictional statues unless diversity.)

28 USC §1332, 1441 & 1446

Brief Description of Cause:
Plaintiff claims Michigan No Fault benefits.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
$ DEMAND
CHECK YES ONLY IF DEMANDED IN COMPLAINT:
JURY DEMAND ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE
September 14, 2007

SIGNATURE OF ATTORNEY OF RECORD

PURSUANT TO LOCAL RULE 83.11

1.      Is this a case that has been previously dismissed?          X☐ Yes
                                                                    ☐ No

 If yes, give the following information:

Court: __Washtenaw County Circuit Court_____

Case No.:__06-154-NF_____

Judge: ___Donald Shelton_____


2.      Other than stated above, are there any pending or previously     ☐ Yes
        discontinued or dismissed companion cases in this or any         X☐ No
        other court, including state court?  (Companion cases are
        matters in which it appears substantially similar evidence will
        be offered or the same or related parties are present and the
        cases arise out of the same transaction or occurrences.)

If yes, give the following information:

Court:_____

Case No.:_____

Judge:_____


Notes:

_____

Detroit.02228.54786.1259660-1