UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENRIQUE FLORES,

       Plaintiff,

v.                                          Case No. 07-13878
                                          Honorable Patrick J. Duggan

DAIRYLAND INSURANCE CO. and
SENTRY INSURANCE CO.,

       Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO STATE COURT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 17, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiff Enrique Flores filed this action in the Washtenaw County Circuit Court,

State of Michigan, seeking to collect benefits from Defendants under Michigan's No-

Fault Insurance Act, MICH. COMP. LAWS ANN. §§ 500.3101 *et seq.* On September 14,

2007, Defendants removed Plaintiff's complaint to federal court pursuant to 28 U.S.C.

§§ 1332(a) and 1446(b). Contending that the amount in controversy does not satisfy the

threshold under Section 1332, Plaintiff filed a motion on October 9, 2007, asking the

Court to remand the matter to state court. The Court held a hearing on Plaintiff's motion

on December 18, 2007. For the reasons set forth below, Plaintiff's motion is denied.

## I. Factual and Procedural Background[1]

On or about December 1, 2005, Plaintiff was insured under an automobile

insurance policy issued by Defendant Dairyland Insurance Company and/or Defendant

Sentry Insurance Company.[2]  On that date, Plaintiff was an occupant in a motor vehicle

that was involved in a collision.  As a result of the accident, Plaintiff sustained a thoracic

spinal cord injury resulting in paraplegia.  (Defs.' Resp. Ex. C.)

On August 15, 2007, Plaintiff filed this lawsuit against Defendants in state court.

In his complaint, Plaintiff alleges two counts: (I) breach of contract and (II) declaratory

judgment.  In his breach of contract claim, Plaintiff alleges that Defendants are obligated

to pay the following personal protection insurance benefits which he has incurred and

which Defendants have refused or are expected to refuse to pay Plaintiff: (a) reasonable

and necessary expenses for care, recovery, or rehabilitation; (b) loss of wages; (c)

reasonable and necessary replacement services; (d) expenses for attendant care, home

modification, and transportation; and (e) other personal protection benefits in accordance

with the applicable no-fault provisions, MICH. COMP. LAWS ANN. §§ 500.3101 et seq.

In Count II of his complaint, Plaintiff seeks a declaration as to the following: (a) the

applicability of the No-Fault Act to Plaintiff's claims; (b) the amount of wage loss

---

[1]Except where noted, the facts set forth herein are taken from Plaintiff's complaint and are assumed true for purposes of this motion.

[2]In his complaint, Plaintiff indicates that he was insured with "Defendant," although he fails to specify to which Defendant he refers.

benefits, replacement service benefits, medical expenses, attendant care, transportation

expenses, home modification expenses, no-fault interest, pre/post-judgment interest,

actual attorney fees, or other benefits owed to Plaintiff; (c) whether and in what amount

any reduction, set-offs, or reimbursements may be claimed by Defendants; (d) other

determinations, order, and judgments necessary to fully adjudicate the rights of the

parties.

As indicated previously, Defendants removed Plaintiff's complaint to federal court

on September 14, 2007. Plaintiff thereafter filed the pending motion to remand the matter

to state court. On October 10, 2007, this Court held a Scheduling Conference, at which

time Plaintiff's counsel was asked to provide clarification regarding the amount Plaintiff

seeks in this action. In response, Plaintiff's counsel submitted a letter to the Court on

October 23, 2007, detailing why he does not believe the $75,000 jurisdictional

requirement is satisfied. Defendant filed a response to Plaintiff's motion on November 9,

2007.

## II.     Standard of Review

A defendant generally can remove a civil action brought in a state court to federal

court if the action could have been brought in federal court originally. 28 U.S.C. § 1441.

Federal district courts have original diversity jurisdiction when the amount in controversy

"exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . .

citizens of different states." 28 U.S.C. § 1332(a). "A defendant desiring to remove a case

has the burden of proving the diversity jurisdiction requirements." *Gafford v. Gen. Elec.*

*Co.*, 997 F.2d 150, 155 (6th Cir. 1993).

To satisfy this burden, a defendant must prove "by a preponderance of the evidence" that the sum or value of the plaintiff's claims exceed the $75,000 jurisdictional minimum. *Id*. at 158. This "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages." *Id*. at 159. The defendant, however, must do more than "prove that the amount in controversy 'may' meet the federal requirement . . ." *Id.*

Where the plaintiff's complaint does not, on its face, plead a specific amount in controversy in excess of the jurisdictional limit set forth in Section 1332, Eastern District of Michigan Local Rule 81.1 sets forth additional requirements for a defendant removing the action to federal court and for a plaintiff seeking to remand the matter to state court. A defendant removing a matter to federal court must allege in the notice of removal ". . . that the amount in controversy exceeds the required jurisdictional amount, and (2) set forth the facts or other reasons that the removing defendant possesses that supports that allegation or state that the removing defendant has no such facts at that time." E.D. Mich. LR 81.1(b). A plaintiff seeking to remand an action to state court must include the following with his or her motion to remand: ". . . a signed statement of damages claimed, itemizing all damages by category and amount, or, for those categories for which the plaintiff is unable to specify a precise amount, an estimate of the maximum amount and a

4

detailed description of the factual basis for the estimate." E.D. Mich. LR 81.1(d).

### III. Analysis

In his motion to remand, Plaintiff does not dispute that the parties are citizens of different states. Rather, Plaintiff argues that Defendants cannot satisfy their burden of proving that Plaintiff's claims exceed $75,000. Specifically, Plaintiff maintains that the expenses he has incurred up to this point in time for which he seeks reimbursement from Defendants do not exceed the jurisdictional limit. In his letter to the Court dated October 23, 2007, Plaintiff's counsel argues that the Michigan No-Fault Insurance Act limits a plaintiff's recovery for personal insurance protection benefits to reimbursement for "expenses incurred" only and that the Michigan courts "have repeatedly defined 'expenses incurred' as meaning debts which have been assumed in the *past*." (Defs.' Resp. Ex. A (emphasis in original).)

Defendants respond that Plaintiff's motion to remand should be denied because Plaintiff has not complied with the requirements of Local Rule 81.1. Defendants point out that Plaintiff has failed to itemize all damages by category and amount or, for those categories for which he is unable to specify a precise amount, to provide an estimate of the maximum amount and a detailed description of the factual basis for the estimate. *See* E.D. Mich. LR 81.1(d). Plaintiff only has stated generally that he has not incurred $75,000 or more in unpaid expenses that are compensable under the No-Fault Act.

Defendants alternatively argue that Plaintiff's motion should be denied because Plaintiff is seeking a declaratory judgment with respect to his right to benefits under the

statute and these benefits– whether or not incurred already– are included in the amount in

controversy. Defendants present evidence to demonstrate that the inclusion of the cost of

benefits that Plaintiff will incur in the future and which Plaintiff asks the Court to declare

to be the obligation of Defendants under the No-Fault Act render the amount in

controversy greater than $75,000. For example, Defendants show that the cost to modify

Plaintiff's home to account for his paraplegia will range from $100,000 to $250,000.

(Defs.' Resp. Br. at 5 & Ex. C.)

The Court agrees that Plaintiff has failed to comply with Local Rule 81.1(d)'s

express requirements. Plaintiff failed to attached a signed statement to his motion to

remand. Although Plaintiff's counsel subsequently submitted a signed letter to the Court,

this letter does not set forth the specific amount of damages that Plaintiff seeks in this

action, much less describe by category the damages sought. *See* E.D. Mich. LR 81.1(d).

Thus Plaintiff fails to provide sufficiently detailed information for this Court to conclude

that he seeks less than $75,000 in this action.

Defendants, in comparison, provide specific reasons to support their assertion that

the amount in controversy exceeds the jurisdictional minimum. As Defendants indicate,

in Count II of his complaint, Plaintiff seeks a declaratory judgment as to the applicability

of the No-Fault Act to his claims and as to "the amount of wage loss benefits,

replacement service benefits, medical expenses, attendant care, transportation expenses,

home modification expenses, no-fault interest, pre/post-judgment interest, actual attorney

fees, or other benefits owed to Plaintiff." (Compl. ¶¶ 14a & b.) In other words, Plaintiff

is seeking a declaration that he is entitled to reimbursement for certain personal protection insurance benefits under Michigan's No-Fault Act, regardless of whether he already has incurred such expenses.

As Plaintiff correctly states, the Michigan courts have held that an insurer is not obligated *to pay* personal protection insurance benefits until the expenses covered under the statute are *incurred*. *See, Proudfoot v. State Farm Mut. Ins. Co.*, 469 Mich. 476, 483-84, 673 N.W.2d 739, 743 (2003). However, even before any expenses are incurred, a court may enter a declaratory judgment requiring the insurer to pay those expenses when the plaintiff becomes liable for those costs. *Id*. at 484, 673 N.W.2d at 743-44. The amount in controversy includes those future recoverable expenses.

As the Sixth Circuit has held, "[w]here a party seeks a declaratory judgment, 'the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation.'" *Lodal, Inc. v. Home Ins. Co. of Illinois*, No. 95-2187, 1998 WL 393766, at *2 (6th Cir. June 12, 1998) (unpublished op.) (quoting *Beacon Constr. Co. v. Matco Elec. Co.*, 521 F.2d 392, 399 (2d Cir. 1975)); *see also Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 2443 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.") Therefore, because Plaintiff seeks a declaratory judgment with respect to his right to benefits under the No-Fault Act for wage loss benefits, replacement service benefits, medical expenses, attendant care, transportation expenses, and home

modification expenses, the actual or estimated amount of those benefits is included in the

amount in controversy. As Defendants' evidence indicates, home modification expenses

alone exceed the $75,000 jurisdictional limit. (*See* Defs.' Resp. Ex. C.)

The Court therefore finds that it has subject matter jurisdiction in this matter

pursuant to 28 U.S.C. § 1332. Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion to Remand is **DENIED**.


s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Leo E. Januszewski, Esq.
Mary Catherine Rentz, Esq.